# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LAZARTO SMITH, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> CORPORATE STATE : <br> OF GEORGIA, *et al.*, : <br> : <br> Respondents. : <br> : | Case No. 5:19-cv-00154-MTT-MSH |

## ORDER

Petitioner Lazarto Smith, an inmate currently confined in the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a petition for writ of mandamus. Mot. for Writ of Mandamus, ECF No. 1. He has also filed a motion to proceed in this action without prepayment of the Court's filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. The Court now **GRANTS** Petitioner's motion to proceed *in forma pauperis*. On preliminary review of Petitioner's mandamus petition, however, the Court **DISMISSES** the petition **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted and as frivolous.

### I. Motion for Leave to Proceed *In Forma Pauperis*

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of

his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

As permitted by this provision, Petitioner has moved for leave to proceed *in forma pauperis* in this case. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Because Petitioner's submissions show that Petitioner is unable to prepay any portion of the Court's filing fee. Therefore, the Court now **GRANTS** Petitioner's motion for leave to proceed *in forma pauperis*. Petitioner is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b). The district court's filing fee is not refundable, regardless of the outcome of the case, and thus, Petitioner must pay it in full even if his petition is dismissed prior to service.

For this reason, the Court **DIRECTS** the **CLERK** to forward a copy of this order to the business manager of the facility where Petitioner is incarcerated so that the business manager may begin making withdrawals from his account, as explained below.

    A.    <u>Directions to Petitioner's Custodian</u>

Because the Court has now granted Petitioner leave to proceed *in forma pauperis* in the above-captioned case, the Court further **ORDERS** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The prison account custodian shall collect and withhold the funds and shall, on a monthly basis,

forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian shall continue with the collection of payments until the entire fee has been collected, even if the Court dismisses Petitioner's lawsuit or grants judgment against him before the custodian has collected the full filing fee.

### B. Petitioner's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event that the State of Georgia or any county thereof hereafter releases Petitioner from its custody, Petitioner shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments. The Court may dismiss Petitioner's petition if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. **Preliminary Review of the Petition**

### A. Standard of Review

Because Petitioner is a prisoner proceeding under section 1983 and seeks to proceed *in forma pauperis* in this action, his complaint is subject to screening under 28 U.S.C. §§ 1915(e) & 1915A which require a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. When

conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true). The Court also holds *pro se* "to a less stringent standard than pleadings drafted by attorneys," and thus, "liberally construe[s]" a *pro se* complaint. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

To state a viable claim, the complaint must include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There must also be "enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id*. at 556. The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if "clearly baseless" or based upon "indisputably meritless" legal theories).

  B. <u>Petitioner's Allegations</u>

Petitioner's arguments are less than clear, but he appears to be asserting that because he never entered into a contract with the State of Georgia or any other form of government, he is not subject to the laws of the State. Mot. for Writ of Mandamus, ECF No. 1. He also appears to be arguing that all laws enacted by Congress are illegal and that punishing him for failing to abide by the law amounts to a denial of his right to due process. *Id.* Petitioner thus seeks a writ of mandamus from this Court that would grant him immunity from all acts done under color of law, which would presumably require that his be released from incarceration. *Id.* at 4.

As an initial matter, to the extent that Petitioner seeks relief against the State of Georgia, federal courts lack the power to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, Dekalb Cnty. Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973).[1] In addition, to the extent that Petitioner seeks release

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

from prison, habeas corpus—not a petition for mandamus—"is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Moreover, Petitioner's substantive submissions to this Court are frivolous. Petitioner's filings "bear[] all the hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original). A so-called "sovereign citizen" generally relies "on the Uniform Commercial Code ('UCC'), admiralty laws, and other commercial statutes to argue that, because he has made no contract with [the court or government], neither entity can foist any agreement upon him." *See United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) *aff'd*, 787 F.3d 1329 (11th Cir. 2015). Criminal statutes are "apparently not one of the groups of statutes whose validity [these 'sovereign citizens'] will acknowledge," and as such the prisoner will argue that he cannot be found guilty of any crime. *See id*.

Petitioner's filings also bear at least some indicia of his reliance on the "Redemptionist" theory, which "propounds that a person has a split personality: a real person and a fictional person called the 'strawman.'" *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009). Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves

by filing UCC filing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. *Id.*

Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources"). Thus, Petitioner's Petition should be dismissed as both frivolous and for failing to state a claim upon which relief may be granted.

### III. Conclusion

For the foregoing reasons, the Court now **DISMISSES** Petitioner's pleading **WITHOUT PREJUDICE** as frivolous and for failure to state a claim.

**SO ORDERED**, this 3rd day of July, 2019.

S/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
